IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EILEEN CHAMBERLAIN, Individually
and on Behalf of All Those Similarly
Situated,**

**Plaintiff,**

vs.

**US BANCORP CASH BALANCE
RETIREMENT PLAN, and
MERCANTILE BANK CASH BALANCE
RETIREMENT PLAN,**

**Defendants.**                                                       No. 04-CV-0841-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

I. Introduction

On November 16, 2004 Plaintiff Eileen Chamberlain filed a Complaint against Defendants (Doc. 1) asserting a putative class action under ERISA, **29 U.S.C. § 1001 et seq.**, and alleging that Defendants operated an improper "cash balance" retirement plan. Defendant U.S. Bank Pension Plan ("Defendant" or "USBPP") filed a Motion to Transfer pursuant to **28 U.S.C. § 1404(a)**.[1] (Doc. 13.)

---

[1] The language of **28 U.S.C. § 1404(a)** reads as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

Page 1 of 10

On July 18, 2005 the Court entered an Order granting Defendant's Motion. (Doc. 34.)

Pursuant to that Order, this matter was transferred to the U.S. District Court for the District of Minnesota. (*Id.*)  Three days later, on July 21, 2005, Plaintiff filed a motion asking the Court to reconsider its decision to transfer. (Doc. 36.) Defendants opposed this motion. (Doc. 37). On August 4, 2005, the Court received the District of Minnesota's acknowledgment that it had received the materials allowing it to access this case. (Doc. 39.)  Then, on September 29, 2005 the Minnesota court stayed the case pending this Court's resolution of Plaintiff's Motion to Reconsider.  Prior to the stay, the clerk of the transferee court had received only a certified copy of the transfer order, a copy of the docket sheet, and a login ID and password to access the electronic case file in the Southern District of Illinois.  On that basis, a file in the District of Minnesota has been opened, a Judge and Magistrate Judge had been assigned, a Magistrate Judge had been recused and another assigned, and ministerial tasks related to *pro hac vice* admissions had been performed.

## II. Analysis

### A. Reconsideration

The initial question this Court confronts is whether it may entertain Plaintiff's Motion to Reconsider. Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them," **FED. R. CIV. P. 60**

**advisory committee's notes**, should be granted "as justice requires," *id.*, and must be "consonant with equity." ***John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922)**; *see also* **12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60 App. 108[2] (3d ed. 2004)**.

In ***Robbins v. Pocket Beverage Co.*, 779 F.2d 351 (7th Cir. 1985)**, the Seventh Circuit confronted the reconsideration issue in the section 1404(a) context. There, the court held that a district court could properly reconsider a section 1404(a) order to transfer for four reasons: (1) the original transfer was not intended to be effective instantly; (2) the transferee court had not attempted to assert jurisdiction; (3) neither party attempted to persuade the transferee court to exercise jurisdiction; and (4) the record had not been forwarded. ***Id.* at 356.** Though the court noted that other courts had found the fourth factor — transfer of the record — determinative,[2] it declined to decide whether physical forwarding of the record should be "the universally controlling fact." ***Id.***

Here, factors (1) and (3) above are not directly at issue. The original transfer from this Court was not intended to be effective instantly, and, to the knowledge of the Court, neither party has attempted to persuade the District of

---

[2] *See also **Jones v. Infocure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002)** (citing a number of courts that have held that a section 1404(a) transfer "ends the jurisdiction of both the transferor court and the corresponding appellate court at the moment when the motion has been implemented and the case has been docketed by the transferee court" (citations omitted)). Of course, these decisions were issued prior to the advent of electronic filing.

Minnesota to exercise jurisdiction. Factors (2) and (4) — whether or not the Minnesota court has attempted to assert jurisdiction and whether the record has been forwarded — however, are at issue.

With regard to the second factor, the Court is convinced that the Minnesota court has not attempted to assert jurisdiction over this case. That court has conducted only minor administrative tasks, made no rulings, and has stayed the case pending this Court's resolution of the jurisdictional question related to reconsideration. These actions cannot be construed as attempts to assert jurisdiction.[3]

That leaves only the fourth *Robbins* factor, transfer of the record. As to that factor, there is an important difference between the facts here and the facts in *Robbins*. This Court, unlike the district court in *Robbins*, now uses an electronic filing system to manage its cases. While in the past, this Court had to physically transfer a case file in order to transfer a case — a process that might take several days or even weeks, files may now be transmitted simply by providing a login ID and password. This is what happened here.

In such a system, physical transfer of the record is irrelevant. That is, there is no physical record to speak of. While, in a manual-filing system, physical

---

[3] It should also be noted that the Chief Judge for the District of Minnesota, to whom this case was assigned, has informed the Court that he was unaware even of the existence of this case prior to this Court's inquiries about activities asserting jurisdiction.

transfer appropriately serves as a threshold for determining when a court is divested of jurisdiction because of the time, energy, cost, and inconvenience associated with transferring the file, it has little significance in an electronic-filing system, in which a case can bounce back and forth between courts with little, if any, difficulty. Though various physical documents may still travel between courts in an electronic-filing system, the record, such as it is, is not physically transferred.  Thus, in order to determine whether the Court may consider Plaintiff's motion, the Court must examine the facts of this case, in conjunction with the other three factors noted by the Seventh Circuit in ***Robbins***.

Given the facts here, the Court finds that it has jurisdiction to reconsider its transfer order.  Three of the four ***Robbins*** factors are satisfied, and, as noted above, the fourth is irrelevant.  Further, the transferee court has performed only routine, administrative tasks, and a stay has been issued preventing that court from engaging in any additional activities.  Under these particular circumstances, there is no danger that multiple courts might simultaneously seek to assert jurisdiction over the underlying case.  For these reasons, the Court is satisfied that it may reconsider its transfer order.

**B.    Section 1404(a) Transfer**

The second question that must be addressed, then, is whether the Court properly transferred this case pursuant to section 1404(a).  A section 1404(a) transfer is proper if the transferee forum is "clearly more convenient." ***Coffey v.***

***Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)**. The party seeking transfer has the burden of establishing this fact. ***Id.*** Because "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude," the transfer decision "is committed to the sound discretion of the trial judge." ***Id.* at 219**; *see also* ***Tice v. American Airlines, Inc.*, 162 F.3d at 974 (7th Cir. 1998)** ("'We give great deference to a district court's rulings on motions to transfer venue.'"); ***Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)** ("District courts have broad discretion to grant or deny a motion to transfer under [section] 1404(a), and will not be reversed absent a clear abuse of discretion."). Three factors must be considered in deciding whether a section 1404(a) transfer is appropriate: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. **28 U.S.C. § 1404(a)**. "[T]he language of [section] 1404(a) does not indicate the relative weight to be accorded each factor," ***Coffey*, 796 F.2d at 220 n.3**; moreover, "[t]hese factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." ***Id.* (citations omitted)**.

As to the party-convenience factor, today "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make[s] it easy . . . for cases to be litigated with little extra burden in any of the major metropolitan areas." ***Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir.**

**2000)**. In evaluating party convenience, however, a court should consider the parties' respective residencies and their relative ability to withstand the expenses of litigating in a particular forum. *See **Tingstol Co. v. Rainbow Sales, Inc.**, **18 F. Supp. 2d 930, 934 (N.D. Ill. 1998) (Alesia, J.)***. A plaintiff's choice of forum may also be considered as an element of the party-convenience analysis. *See **Amoco Oil Co.**, **90 F. Supp. 2d at 962 (N.D. Ill. 2000) (Alesia, J.)**; but see **Nelson v. AIM Advisors**, **2002 U.S. Dist. LEXIS 5101, 2002 WL 442189 (S.D. Ill. 2002) (Reagan, J.)***

The Court finds that the convenience-of-the-parties factor weighs in favor of keeping this case in the Southern District of Illinois. Defendant USBPP is national in scope and will have little difficulty litigating here. Plaintiff, however, is an individual of limited means who likely will be confronted with considerable expenses if this litigation is transferred to Minnesota. While the Court recognizes that a plurality of putative class members appear to reside in the District of Minnesota, the Court does not find this fact determinative as a measure of party convenience.

Furthermore, the Court finds that Plaintiff's selection of this District militates against transfer. Though the general rule is that a plaintiff's choice of forum is given considerable deference, *see **FDIC v. Citizens Bank and Trust Co.**, **592 F.2d 364 (7th Cir. 1979)**; **Chicago Rock Island & Pac. R.R. Co. v. Igoe**, **220 F.2d 299, 302 (7th Cir. 1955)*** (a plaintiff's choice of forum should not be "lightly

set aside"), some courts in the Seventh Circuit have found that a *class action* plaintiff's forum choice should be given no weight. *See* **Nelson v. AIM Advisors, 2002 WL 442189 (S.D. Ill. 2002) (Reagan, J.)** (holding that "where a plaintiff alleges a nationwide class action, 'plaintiff's home forum is irrelevant'"); **Georgouses v. NaTec Res., Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997) (Gettleman, J.)** ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant."); **Genden v. Merrill Lynch Pierce Fenner & Smith, 621 F. Supp. 780, 782 (N.D. Ill. 1985) (Rovner, J.)**. The Seventh Circuit, however, has indirectly endorsed a contrary position — that a class action plaintiff's forum choice should enter into the transfer analysis. *See* **Tice, 162 F.3d at 974** (noting that a "district court gave some weight (*as it was entitled to do*) to plaintiffs' choice of forum" (emphasis added)). The Court agrees. The fact that a Plaintiff sues on behalf of a class does not render her forum choice completely irrelevant.

As to the witness-convenience factor, the parties dispute both the number of witnesses that will need to be called and the potential availability of these witnesses. Defendant, arguing for transfer, notes that transfer is appropriate because three "critical" defense witnesses were never employed by U.S. Bank, do not reside in the Southern District of Illinois, and are beyond the subpoena range of this Court. (Doc. 37, p. 7.)

The Court finds these inconveniences insufficient to require transfer. Defendant does not indicate why this witness testimony will be critical, nor does it

explain why it believes these witnesses would refuse to cooperate with a subpoena from this court. Further, Defendant does not indicate why, if this matter is litigated in the Southern District of Illinois, depositions could not substitute for live testimony. Absent these showings, the Court finds that Defendant has not met its burden to establish that the District of Minnesota is clearly more convenient.

Finally, as to the interest-of-justice element, courts traditionally consider factors related to the efficient administration of the courts, rather than private considerations of the litigants. **Coffey, 796 F.2d at 221 (7th Cir. 1986)**. Factors considered by courts include (1) the speed at which the case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale. See **Amoco Oil Co., 90 F. Supp. 2d at 962**.

The Court finds that the interest-of-justice factor does not require transfer to the District of Minnesota. Here, no court can claim to be the primary forum capable of redressing the grievances of the putative class. Plaintiffs allege a national class action. Though Defendants argue that nearly thirty percent of the putative class resides in Minnesota, this fact alone does not imply that Minnesota is "clearly more convenient." The existence of a plurality of a class elsewhere does not necessitate transfer.

Therefore, having weighed the factors above, the Court finds that Defendant has not met its burden to demonstrate that the District of Minnesota is

a "clearly more convenient" forum than the Southern District of Illinois

### III. Conclusion

For these reasons, the Court **GRANTS** Plaintiff's Motion to Reconsider. (Doc. 36.) Further, the Court **VACATES** its prior order transferring this case to the U.S. District Court for the District of Minnesota. (Doc. 34.)

**IT IS SO ORDERED**.

Signed this 25th day of October, 2005.

/s/        David RHerndon
**United States District Judge**